# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

CHRISTINA A. WALKER                                                PLAINTIFF

v.                                    4:18cv00856-SWW-JJV

ANDREW SAUL[1], Commissioner,
Social Security Administration,                                   DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge Susan Webber Wright.   The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection.   The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations.   A copy must be served on the opposing party.   The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

## RECOMMENDED DISPOSITION

Plaintiff, Christina Walker, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for supplemental security income.   Both parties have submitted briefs and the case is ready for a decision.

---

[1]Andrew Saul was sworn in as Commissioner of the Social Security Administration on June 17, 2019, replacing Nancy Berryhill.   He has therefore been substituted as the defendant in this case pursuant to Federal Rule of Civil Procedure 25(d)(1).

Ms. Walker was previously found to be disabled under the Social Security Act on June 2, 2009 - the comparison point decision. (Tr. 12.) The Commissioner determined Plaintiff had the medically determinable impairments of borderline personality disorder, Von Willebrand disease, and sacroiliitis. (*Id.*) However, upon a disability review, the Commissioner determined she was no longer disabled as of September 1, 2015, because she had medically improved and did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 13-14.)

The administrative law judge (ALJ) determined Ms. Walker had the residual functional capacity to perform a reduced range of sedentary work. (Tr. 15.) Because she had no past relevant work, (Tr. 21), the ALJ utilized the services of a vocational expert to determine if other jobs existed in significant numbers that Plaintiff could perform despite her impairments. (Tr. 60-62.) Based in part on the testimony of the vocational expert, the ALJ determined Ms. Walker could perform the jobs of small products assembler and document preparer. (Tr. 22.) Accordingly, he determined Ms. Walker was not disabled. (*Id.*)

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. (Tr. 1-5). Plaintiff initiated the instant Complaint challenging the decision of the Commissioner. (Doc. No. 2.)

In support of the Complaint, Plaintiff argues that the ALJ improperly relied upon the findings of Don Ott, Psy.D. (Doc. No. 10 at 7.) Plaintiff says, *inter alia*, "[Dr. Ott's] report expressly states that it is inconclusive and that a psychotic disorder should be ruled out." (*Id.*)

The ALJ gave great weight to the opinions of Dr. Ott and state medical consultants Jerry

---

[2]420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

Henderson, Ph.D., and Kevin Santulli, Ph.D. (Tr. 20.) The ALJ stated:

> The undersigned has considered the opinions of Drs. Ott, Henderson, and Santulli and given them great weight, as they are consistent with the medical evidence as a whole in that Dr. Ott's findings appear to have been made with the caveat that the claimant appeared overmedicated, which may have affected her performance at the evaluation.

(Tr. 20.)

But, as the ALJ also recognized in his opinion, Dr. Ott found that Plaintiff had adequate verbal skills, but sometimes had trouble expressing herself; was deficient with her capacity to cope with the mental demands of work; had difficulty staying focused; and her pace was slow and halting at times. (*Id.*) The ALJ also recognized Dr. Ott ". . . observed the claimant was overmedicated and recommended that a definitive diagnosis should be made and her medications should be reviewed." (*Id.*)

Because of Dr. Ott's last statement, Plaintiff says the ALJ failed to properly develop the record and his decision is not supported by substantial evidence. I agree.

The ALJ generally captured Dr. Ott's findings but left out some important details. Dr. Ott more fully reports that Plaintiff is not very involved in household chores because of her physical condition, seldom leaves the house and has no regular social contact, was confused, distracted and has minimal work experience, and was distracted and had difficulty staying focused. (Tr. 2010.) And very importantly - as Plaintiff argues - Dr. Ott identified the need to rule out psychotic disorder and a "more definitive diagnosis should be made and her medications should be reviewed." (Tr. 2008.) Given Dr. Ott's own call for additional diagnosis and evaluation, I find giving great weight to this Mental Diagnostic Evaluation to be harmful error.

While I recognized it is Plaintiff's burden to prove her disability, Ms. Walker has provided

3

sufficient basis to call into question the ALJ's conclusion that she is capable of performing sedentary work. Specifically, the ALJ's assignment of "great weight" to Dr. Ott's Mental Diagnostic Evaluation was flawed when Dr. Ott's own evaluation recommends additional testing and examination of Plaintiff.

On remand, the Commissioner should develop the record as Dr. Ott suggested. Specifically, psychotic disorder should be ruled out, a more definitive diagnosis should be made, and Plaintiff's medications should be reviewed. Additionally, the Commissioner should evaluate Plaintiff's prior medically determinable impairments as Plaintiff points out in her brief. (Doc. No. 10 at 10.) Plaintiff states her prior impairments include "PTSD, personality disorder, bipolar disorder, and chronic anxiety disorder." (*Id.*)

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be reversed, and this case be remanded for proceedings consistent with this opinion. This would be a "sentence four" remand within the meaning of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

DATED this 10th day of July 2019.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

4